UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAN SWETIC

    Plaintiff,

    v.                                CASE NO.: 8:10-cv-2096-T-23MAP

SILVERBERG JEWELRY COMPANY,
a Florida profit corporation, and ED
SILVERBERG, individually.

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW**

    Pursuant to the Federal and Local Rules of Civil Procedure, Plaintiff, JAN SWETIC ("Swetic"), moves this Court for an award of attorneys' fees and costs, and states as follows:

**SUMMARY OF THE ARGUMENT**

    There can be no doubt that Plaintiff is the prevailing party in this matter because, as a result of the filing of his lawsuit, he secured every penny of unpaid wages he demanded, and every penny of liquidated damages demanded. Even Defendants concede that Plaintiff's claims were resolved in full without compromise. *See* Motion to Approve Settlement Agreement.

    Of importance to the foregoing and the necessity of this Motion, is that this is not a case where Defendants simply "rolled over" and tendered payment upon filing of the lawsuit. Much to the contrary and from inception of this case, Defendants: (a) asserted strenuous objections and numerous exemption affirmative defenses to Plaintiff's alleged entitlement to overtime; (b) engaged in extensive written discovery and document exchange with Plaintiff;

(c) took a ten (10) hour deposition of Plaintiff; and (d) tendered an Offer of Judgment to Plaintiff for one-third (1/3) of what Plaintiff ultimately recovered ($2,500), that Plaintiff rejected because he believed his claims were worth more and Defendants' defenses inapposite.

In fact, it was not until hours before Defendants' Corporate Representative deposition was to commence that Defendants ultimately "folded" and agreed to pay Plaintiff his full unpaid and liquidated overtime damages. And, rather than agree to Plaintiff's counsel's reduced attorneys' fee demand of $8,000 at that time (when actual attorneys' fees and costs were in excess of that), Defendants elected to have this Court decide Plaintiff's counsel's entitlement to attorneys' fees. Since, then Plaintiff's counsel repeatedly has attempted to resolve the matter of attorneys' fees and costs with Defendants to no avail. Plaintiff thus files the subject Motion necessarily.

## STATEMENT OF FACTS

1.  On September 21, 2010, Plaintiff filed this action alleging unpaid overtime compensation under the Fair Labor Standards Act (FLSA). *See* Dkt. 1. At that time, Kelly Amritt, a former Morgan and Morgan attorney, was counsel of record.

2.  In December 2010, Ms. Amritt left Morgan and Morgan and the undersigned took over as lead counsel of record in this matter moving forward. The undersigned filed a Notice of Appearance with this Court in January 2011. *See* Dkt. 14.

3.  On October 5, 2010, and again on March 1, 2011, Defendants filed their Answers and Affirmative Defenses to Plaintiff's Complaint denying liability and contending that Plaintiff had been properly compensated, and was exempt based upon the administrative, executive, and/or combination exemptions. *See* Dkt. 4 and 19.

4.  From that point forward, and as evidenced by the attached Fee Ledger, the parties engaged in extensive pre-trial and discovery litigation. To that end, the parties' exchanged in written discovery resulting in the production of hundreds of documents, Plaintiff was deposed for a total of ten (10) hours, counsel for the parties communicated regularly (and disagreed) regarding attempts to settle and regarding the merits, and Defendant's corporate representative was set to testify hours before Defendants' tendered full payment of unpaid overtime and liquidated damages to Plaintiff.[1]

5.  What made this case particularly work intensive and difficult was that Defendants failed to maintain full and complete pay and time records for Plaintiff, provided a number of unauthenticated documents they maintained Plaintiff created that purportedly rendered him exempt, and identified a number of third party vendors and documents that purportedly spoke to Plaintiff's alleged performance of exempt duties (none of this information panned out on Defendants' behalf). Plaintiff likewise identified witnesses to support his contentions that he was a glorified sales person for Defendants, and provided substantial and corroborating documentation from his employment with Defendants regarding same.

6.  In March 2011, Defendants tendered an Offer of Judgment to Plaintiff for $2,500. Plaintiff, believing he was owed three (3) times this amount, and concrete in his conviction that he was not an exempt employee, rejected Defendants' Offer outright.

7.  On the afternoon of March 15, 2011, hours before the undersigned was scheduled to travel to Tampa to depose Defendants' Corporate Representative,

---

[1] Plaintiff's counsel does not attach copies of the regular correspondence between counsel regarding efforts to settle and the merits of the parties' positions. To the extent it is helpful to this Court's analysis, however, Plaintiff's counsel is more than willing to provide this Court with same, if requested.

3

Defendants, recognizing the inapplicability of their defenses and contentions, finally agreed to tender full relief to Plaintiff for his claims. That is, Defendants offered to pay Plaintiff every penny of his unpaid overtime wages and unpaid liquidated damages without compromise. ***Defendants tendered this full relief to Plaintiff after (6) six months of extensive discovery and litigation.***

8.      But, in perhaps their continued effort to oppose a portion of Plaintiff's victory, Defendants, refused to agree with the reduced amount of attorneys' fees and costs to be paid to Plaintiff's counsel for time incurred through the time of settlement. Defendants instead suggested that Plaintiff's counsel seek an award of attorneys' fees and costs from this Court because it did not wish to pay the reduced offering from the undersigned.

9. Since that time, Plaintiff repeatedly has attempted to resolve his claim for attorneys' fees and costs with Defendants to no avail. Further, upon agreeing to a settlement for Plaintiff, the parties have been required to execute various settlement agreements before this Court, and Plaintiff has incurred substantial time and effort in preparing this Motion.[2] As a result, this Motion is now before this Court.

## MEMORANDUM OF LAW

### I.      **Plaintiff is the Prevailing Party as He Secured Full Relief on His Claims- He Therefore, is Entitled to Payment of His Attorneys' Fees and Costs.**

Section 29 U.S.C. §216(b) authorizes an award of attorney's fees to the prevailing plaintiff in any proceeding to enforce the overtime and minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. As this was a proceeding to enforce

---

[2] Prior to submitting the other rejected settlement agreements to this Court, Plaintiff's counsel specifically warned Defendants' counsel that this Court will not approve general releases in FLSA cases. Defendants' counsel ignored this advice, insisted on submitting same, and thus, multiplied the work for the parties by having to resubmit additional agreements for approval. *See* Exhibit A.

4

the provisions of the FLSA and Plaintiff will be collecting funds based on his claims, Plaintiff's counsel is entitled to collect fees and costs. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Department of Health and Human Resources*, 532 U.S. 598, 607, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)(finding that a party has prevailed if the party obtains a judgment on the merits or has reached a settlement agreement through a consent decree)

### A. Amount of Attorney's Fees and Costs

In order to calculate the fees that an attorney is entitled to, the court employs the "lodestar method" and multiplies the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir.1995). The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case. *See id.* Adjustments are to be made as necessary in the particular case. *See Blum v. Stenson,* 465 U.S. 886, 888 (1984); *Kreager v. Solomon & Flannagan, P.A.,* 775 F.2d 1541 (11th Cir. 1985); *Hendrick v. Hercules, Inc.,* 658 F.2d 1088 (5th Cir. 1981).

In considering a fee under a lodestar calculation, courts look to twelve factors, known as the *Johnson* factors, after *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). The factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12)

awards in similar cases. *See id.* at 717-19.; s*ee also Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988)(extensive discussion by the 11th Circuit of the *Johnson* factors and awarding fees).

### B. Application of the Johnson Factors

Counsel for prevailing plaintiffs should be paid as is traditional with attorneys compensated by a fee paying client for all time reasonably expended on a matter. *See Blanchard v. Bergeron,* 489 U.S. 87, 91 (1989). The party seeking attorneys' fees bears the burden of documenting the appropriate hours expended. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995).

First, as to the time and labor required for this litigation, attached to this Motion as Composite Exhibit "B" is the Affidavit of RICHARD CELLER, in which the undersigned provides the Court with the requisite itemized statement of the time and labor expended on this case. The Affidavit contains a certification that the Affiant has fully reviewed the time records that are the supporting data for the Affidavit and that the hours claimed are well grounded in fact and justified. The Affidavit of RICHARD CELLER confirms the total hours incurred in litigating this case to date. Time sheets confirming the same have been attached and the entries differentiate the legal work that was completed in this matter. The total hours up to the filing of this Motion are 61.02 attorney hours and 1.15 paralegal hours[3] totaling fees in the amount of $18,415.25. Additionally, Plaintiff incurred taxable costs in this matter in the amount of $2,337.65.[4]

---

[3] Morgan and Morgan attorneys bill out at a blended rate of $300.00. Paralegals are billed at $95.00 per hour.
[4] Plaintiff only seeks reimbursement for filing and service costs, copy costs for document productions and service of pleadings, discovery, and payment for a copy of Plaintiff's deposition transcript. Those costs are marked with a * on the cost ledger. The remaining costs identified are not taxable and Plaintiff is not seeking same in this Motion.

Second, as explained above, the novelty and difficulty of this case was different that a "run of the mill" overtime case. Unlike a standard non-exemption case which may simply require a math calculation and some basic discovery, this case involved unique exemption claims and voluminous document and witness inquiries. As such, the skill level required to litigate this claim required a higher threshold of FLSA knowledge than other FLSA cases.

As to its customary fee, Morgan and Morgan charges a blended rate of $300.00 per hour for its attorneys' work on FLSA matters. This Blended Rate is explained in Exhibit B. In determining the reasonable hourly rate, courts look to the reasonable hourly rate for attorneys of a similar caliber practicing in the community. *See Watkins v. Fordice,* 7 F.3d 453, 458 (5th Cir.1993); *Tollett v. City of Kemah,* 285 F.3d 357, 368 (5th Cir.2002); *In re Enron Corp. Sec., Derivative & ERISA Litig.,* 586 F.Supp.2d 732, 756 (S.D.Tex.2008). When an attorney's requested rate is his customary billing rate and within the range of prevailing market rates, the court should consider the rate *prima facie* reasonable if not contested. *See Louisiana Power & Light,* 50 F.3d at 328.

Based on a review of cases in which Morgan and Morgan attorneys litigated over the last few years, junior attorneys to the undersigned, have received multiple Orders from the Middle District awarding at least $250.00 per hour. *See Jacobs v. Kingswere Furniture, Inc.*, Case No.: 6:07-CV-01982-JA-KRS, Doc. 74 (M.D. Fla. May 20, 2009); *See also Martwick v. Mitel Networks, Inc., et.al*, Case No.: 6:08-CV-839-Orl-19GJK at Doc. 32 (M.D. Fla. May 1, 2009); *Oliviera et al. v. Reliable Personnel Services, et al.*, Case No.: 6:08-CV-1518-Orl-28GJK at Doc. 42 (M.D. Fla. May 26, 2009); *Steinhauser v. Electrical Energy Systems, Inc.*, Case No.: 6:08-CV-2076-Orl-35GJK at Doc. 26 (M.D. Fla. May 6, 2009); *Rosado v. Orange County, Florida*, Case No.: 6:09-CV-763-Orl-28-MSS-KRS at Doc. 17 (M.D. Fla. October 2,

2009).

### B.     Recent Fee Awards in FLSA Cases

As to similar awards, a survey of recent, similar, FLSA cases reveals the following attorney fee rates awarded in the Middle District for similar cases: *See McGill v. Pegasus Foods, Inc.*, 2010 WL 4449036 (M.D.Fla. 2010)(awarding $275 per hour to an attorney with lesser experience); *Young v. Hilton Grand Vacations Club, LLC*, 2010 WL 5479651 (M.D.Fla. 2010)(awarding $250 per hour to an attorney with lesser experience); *Swisher v. The Finishing Line, Inc.*, 2008 WL 4330318 (M.D.Fla. 2008. ($300 per hour); *Simeone v. Specialty Roofing and Coating Co.*, 2008 WL 2275537 (M.D.Fla. 2008)($250 per hour); *Jimenez v. Elite Associates & Group, Inc.*, 2008 WL 638329 (M.D.Fla. 2008)($250 per hour); *Reyes v. Falling Star Ent ., Inc.*, No. 6:04-cv-1648-Orl-KRS, 2006 WL 2927553, (M.D.Fla. 2006)($250.00 per hour); *Maranon v. Appliance Direct, Inc.*, 2008 WL 151891 (M.D.Fla. 2008)($300 per hour); *Smith v. Richard's Restoration, Inc.*, Case No. 6:05-cv-1072-Orl-DAB, Doc. no. 61 (M.D.Fla. 2007)($300.00 per hour); *Michaud v. U.S. Steakhouse Bar and Grill, Inc.*, 2007 WL 2572197 (M.D.Fla. 2007)($250.00 per hour); *Trujillo v. Superior Hotels, Inc.*, 2007 WL 2114288 (M.D.Fla. 2007)($250.00 per hour); *Armitage v. Dolphin Plumbing & Mechanical, LLC*, 2007 WL 1789110 (M.D.Fla. 2007)($300, $250, $280, $250 awarded respectively to four attorneys); *Allen v. Shayona Enterprises of America, Inc.*, 2007 WL 1626199 (M.D.Fla. 2007)($250 per hour). *Stoudt v. C T Windows, Inc.*, 2009 WL 50203 (M.D.Fla. 2009)($300 per hour); *Hayams v. U.S. Central FL Contractors, Inc.*, 2008 WL 5341178 (M.D.Fla. 2008)($250 per hour); *Tillman v. Marlin eSourcing Solutions, LLC*, 2008 WL 5210717 (M.D.Fla. 2008)(awarding defense counsel $275 per hour); *Rivera v. Hair Club for Men, Ltd., Inc.*, 2008 WL 5401631 (M.D.Fla. 2008)($300 per hour); *Ball v. IFO, Inc.*,

2009 WL 395338 (M.D.Fla. Feb., 2009)($300 per hour); *Gray v. Golden Bear Day School, Inc.*, No. 6:08-cv-3-Orl-31KRS, Doc. No. 33 (M.D.Fla. Nov. 4, 2008)($250.00 per hour); *Craine v. Cent. Fla. Neurology, P.A.*, No. 6:07-cv-1615-Orl-28GJK, Doc. No. 21 (M.D.Fla. Jun. 20, 2008) ($250.00 per hour); *Mosley v. Drake Lawn & Pest Control, Inc.*, 2009 WL 1706584 (M.D.Fla. 2009)($250 per hour); *Taylor v. Marilyn G. Lajoie, M.D., D.C., P.A.*, 2009 WL 2423304 (M.D.Fla. 2009)(August 4, 2009 $275 per hour); *Fischer v. Taylor Morrison Servs., Inc.*, No. 8:08-cv-865-T-30TBM, 2008 WL 4790520 (M.D.Fla. Oct. 30, 2008)($250.00 hourly rate reasonable for attorney admitted to practice in 2001).[5]

### C. Recent Florida Surveys

Recent surveys confirm that an hourly rate of $300 per hour is reasonable for the undersigned in this case as well. The Florida Bar's 2010 Economics and Law Office Management Survey's statistics revealed the average hourly rate for attorneys in Central Florida. *See* http://www.floridabar.org (follow "Publications" hyperlink; then follow "Research" hyperlink; then follow "2010 Economics & Law Office Management Survey" hyperlink). In 2010, greater than 60% of Florida attorneys billed more than $200 per hour, while more than 35% billed at more than $250 per hour. *Id*. at 9-10. In Central Florida, 59% of lawyers billed at more than $200. *See id*.

In *Shannon v. Saab Training USA, Inc.,* Case No.: 6:08-cv-803-Orl-19DAB, Doc. 45 at p.4 (M.D.Fla June 3, 2009), Judge Fawsett reviewed several surveys conducted by national publications and concluded that based on these national and local statistics, the practices in this District, and this Court's experience handling countless FLSA cases, that the prevailing

---

[5] Plaintiffs' counsel does not represent that these cases represent all recent fee awards. These are merely a sampling.

hourly rates in the Orlando market for attorneys are as follows:

| Years of Experience | Hourly Rates (APPROXIMATE) |
|---|---|
| Less than 3 | $125 to $175 |
| 3 to 5 | $175 to $225 |
| 5 to 7 | $225 to $275 |
| Over 7 years | $275 and up |

*Id*. at pp. 4-5.  Based on the chart, a reasonable hourly rate for Plaintiffs' counsel would be *at least* $275 per hour.[6]  The attorneys' fee in this case is based upon the lodestar prevailing rate as permitted by 29 U.S.C. §216(b).  The attorneys' fee was not guaranteed, and was entirely contingent upon Plaintiff prevailing in this matter, which he has done in full.  Had Plaintiff not prevailed, the undersigned would not have been entitled to recovery of any attorneys' fee nor compensation for costs incurred on Plaintiff's behalf.

    **D.**    **Additional Johnson Factors**

While the undersigned counsel is fortunate of having as much work as desired, the time spent litigating the case at hand precluded counsel from spending that time with other clients.  The fact that the parties worked expeditiously to resolve the case does not mean that there was less time spent on this matter, it simply indicates that the parties put more time into the case in a shorter time frame in order to reach a quick and fair resolution.  This was not a long term relationship with Plaintiff, but the results obtained on Plaintiff's behalf could not have been better for him.  Plaintiff attaches the Expert Fee Opinions of Matthew Fenton, and John Gadd, two practicing FLSA attorneys in the Tampa area, as Exhibits C & D,

10

respectively.

### E. The Fee Award Should Not Be Reduced Simply Because it Will Exceed the Total Recovery.

There is no doubt that at first glance, the settlement amount of $7,551.20 to be paid to Plaintiff raises questions when compared to the fact that Plaintiff's counsel is seeking $20,752.90 in attorneys' fees and costs. "Fee awards, however, should not simply be proportionate to the results obtained by the Plaintiff." *James v. Walsh Depot Holdings, Inc.*, 489 F.Supp.2d 1341, 1347 (S.D. Fla. 2007) (*citing City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986)). The Supreme Court and the Fifth Circuit, eschewing a "precise rule or formula" for calculating attorney's fees, have repeatedly rejected a strict proportionality requirement. *See Richardson Indep. Sch. Dist. v. Michael Z.*, 561 F. Supp. 2d 610, 630 (N.D. Tex. 2008).

The vast majority of FLSA claims deal with working class people who ordinarily would not have the financial resources to pay an attorney to pursue their overtime or minimum wage claims. It is not uncommon for the amount requested in attorneys' fees to exceed the judgment in cases arising under the FLSA. *See Holyfield v. F.P. Quinn & Co.*, No. 90 C 507, 1991 WL 65928, at *1 (N.D.Ill. Apr.22, 1991) (awarding $6,922.25 in fees and costs where the plaintiff had obtained a judgment for $921.50); *see also Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir.1994) (affirming award of $7,680 in overtime compensation and $40,000 in attorneys' fees); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir.1990)(affirming an award of $1,181 in overtime compensation and $9,250 in attorneys' fees); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir.1983)(affirming award of $18,455 in damages and $100,000 in attorneys' fees); *Bosque v. Renegade Environmental Services, LLC*, 2011 WL 1298134 (M.D. Fla. 2011)(approving $12,000

---

[6] Plaintiffs' counsel was admitted to the Florida Bar in 1999.

11

settlement where $10,000 of the funds were awarded to counsel for fees and costs). This case is no different. This is particularly true considering that Plaintiff repeatedly attempted to settle this case but received low ball offers from Defendants, and immediately accepted Defendants' proposed tender of full relief to Plaintiff within moments of Defendants offering same.

## CONCLUSION

Plaintiff recovered full overtime and liquidated damages in this case. It took Defendants six (6) months of extensive discovery and litigation to finally realize that Plaintiff was entitled to be paid in full. During that time, Plaintiff's counsel protected his rights and ensured that he received what he was entitled to under the law. Respectfully, Plaintiff's counsel submits that he should be reimbursed for his reasonable attorneys' fees and costs in so doing.

Respectfully submitted this 15th day of June, 2011.

/s **RICHARD CELLER**
Richard Celler, Esq.
FL Bar No.: 173370
Trial Counsel for Plaintiff
MORGAN & MORGAN
6824 Griffin Road
Davie, FL 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: rceller@forthepeople.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court, this 15<u>th</u> day of June 2011, by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

**/s RICHARD CELLER**
Richard Celler