# EXHIBIT C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAN SWETIC

     Plaintiff,

     v.                            CASE NO.: 8:10-cv-2096-T-23MAP

SILVERBERG JEWELRY COMPANY,
a Florida profit corporation

     Defendant.

_____/

## AFFIDAVIT OF MATTHEW FENTON, ESQUIRE

BEFORE ME, an officer duly authorized to take oaths and administer acknowledgments,

appeared Matthew Fenton, who after being duly sworn, did depose and state as follows:

1.     I have been a member of the Florida Bar since 1994, and I am a member of the

Bar of the United States District Court for the Middle District of Florida.  My office is located in

Tampa, Florida, and I am familiar with the prevailing billing rates for employment law attorneys

practicing in this area.

2.     A significant part of my legal practice is employment litigation, including overtime and

wage and hour both on the defense and plaintiff side.  I have litigated both with and against Mr.

Celler in the past as a co-counsel, and as a defense counsel on FLSA single plaintiff and

collective actions matters.

4.     I have reviewed the files of counsel for the Plaintiff in this case and the hours affidavits

attached to his Motion for Attorney's Fees.  From my experience in FLSA litigation, I am of the

opinion that the work performed by counsel for Plaintiff in this case was done efficiently and that

the time spent on that work was reasonable and not excessive.  As I examined the times listed on

the hours affidavit of counsel and compared it to the work performed, I saw nothing that was

obviously or convincingly excessive or beyond the norm of what counsel with experience in this area of law would be required to expend.   In fact, based upon my review of the file, it appears Mr. Celler made repeated demands for settlement and Defendants were not willing to tender the appropriate amount of damages to Plaintiff to qualify as full relief.   Mr. Celler even offered to allow the Court decide attorneys' fees and costs if Defendants would simply tender full damages to Plaintiff, to avoid the incurrence of additional attorneys' fees and costs in this matter.

5.      Based upon my review of the file (particularly Defendants' discovery responses, Answer and Affirmative defenses, and Plaintiff's Initial Disclosures), and despite Defendants assertion of multiple exemption defenses to Plaintiff's claims, Defendants wound up tendering full relief to Plaintiff for his overtime claims in this matter.   That is, Mr. Celler secured full and complete unpaid overtime wages and liquidated damages for his client in this case without compromise (a 100% recovery)

6.      I have known Mr. Celler since 2007, and am familiar with his years of experience as a lawyer, the type of litigation experience that he has, his education, professional accomplishments and reputation in this community.   I am aware that his practice concentrates exclusively on representing employees owed their overtime, minimum, and other wages around the country.

7.      While a 1999 law school graduate, Mr. Celler already is the Managing Partner of Morgan and Morgan, P.A.'s National Wage and Hour Practice Group.   In this capacity, I am aware that he is exclusively responsible for managing all wage and hour litigation for Morgan and Morgan's offices located throughout Florida, Mississippi, Tennessee, and Georgia

8.      I am also aware that Mr. Celler has been, and currently is, designated as lead and/or co-counsel on numerous class and collective actions dealing with unpaid wages and overtime in cases in New York, Wisconsin, Georgia, Florida, Tennessee, Washington D.C., Mississippi, New Jersey, Maryland, California, Oregon, and Texas.   Moreover, Mr. Celler frequently is retained

by firms around the country to serve as co-counsel in complex FLSA actions around the country dealing with unique and/or complex issues such as misclassification cases, donning and doffing litigation, and Motor Carrier Act defense cases. In this capacity, Mr. Celler manages complex litigation on behalf of thousands of clients at any given time on any given case.

9.      Mr. Celler also consults with lawyers around the country on FLSA and state law wage and hour matters. To that end, attorneys from around the country regularly travel to his Broward County and/or Orlando offices to meet with Mr. Celler and attend his training seminars on FLSA litigation practice, substantive law, and collective and/or class action strategy.

10.     I am familiar with lawyers whose skills, experience and reputation are reasonably comparable to Mr. Celler and am familiar with the hourly rates received by those lawyers for work of equal quality of that performed by the attorney in this case. Thus, based on this knowledge, it is my opinion that in our local community the hourly rates for services similar to those performed by Richard Celler in this case received by lawyers with reasonable comparable skill, experience and reputation is at least $300.00 per hour.

10.     I spent 2.8 hours reviewing the file in this case, conferring with Mr. Celler and preparing this Affidavit. My hourly rate for such activities is $400.00 per hour.

FURTHER AFFIANT SAYETH NAUGHT.

MATTHEW K. FENTON

3

STATE OF FLORIDA                    )

COUNTY OF HILLSBOROUGH     )

     SWORN TO AND SUBSCRIBED before me this _____ day of June 9, 2011, by

MATTHEW FENTON, who [ ✓ ] is personally known to me or [      ] who produced

_____ as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
Print or Type Name of Notary

My Commission Expires: 9-18-2014

T. HANEY
MY COMMISSION # DD 993049
EXPIRES: September 18, 2014
Bonded Thru Notary Public Underwriters

4