UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAN SWETIC,

        Plaintiff,

v.                                      Case No. 8:10-CV-2096-T-23MAP

SILVERBERG JEWELRY COMPANY,
a Florida profit company, and
ED SILVERBERG, individually,

        Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This Fair Labor Standards Act ("FLSA") case is before the Court for report and recommendation on Plaintiff's motion for award of attorney fees and costs (doc. 30).[1] Defendants do not dispute Plaintiff's entitlement to attorney fees generally; rather, Defendants challenge the amount of attorneys fees sought by Plaintiff. After consideration, I recommend granting Plaintiff's motion in part and awarding attorney and paralegal fees in the amount of $13,680.00 and costs in the amount of $1,572.75.[2]

---

[1] The district judge referred this matter to me pursuant to 28 U.S.C. § 636 (doc. 31).

[2] Plaintiff's motion for an evidentiary hearing on the motion for attorneys' fees and costs (doc. 33) is denied. The Eleventh Circuit has stated its precedent

> should not be read to suggest that an evidentiary hearing is necessary every time the written pleadings present a dispute of opinions on matters as to which the courts possess expertise. Such matters might include the reasonableness of the fee, the reasonableness of the hours and the significance of outcome. Certainly, however, where there is a dispute of material historical fact such as whether or not a case could have been settled without litigation or whether attorneys were duplicating each other's work, an evidentiary hearing is required.

*A. Background*

Plaintiff filed this FLSA case against Silverberg Jewelry Company in September 2010 to recover overtime compensation. Ms. Kelly Amritt was Plaintiff's attorney at the outset of this case. At the end of 2010, Ms. Amritt left the law firm of Morgan and Morgan, and Mr. Richard Celler took over primary responsibility for Plaintiff's case. Plaintiff filed an amended complaint in February 2011, adding Defendant Ed Silverberg as a party. Defendants asserted a number of defenses, including that Plaintiff was exempt from overtime under the FLSA. Prior to the parties' settlement of the case, the parties conducted some discovery.

On March 15, 2011, Plaintiff filed a notice of settlement as to all issues other than attorneys' fees and costs (doc. 20). In April and May 2011, the parties filed motions to approve the settlement (docs. 21, 23), both of which the district court judge denied (docs. 22, 24). The parties filed a third motion to approve the settlement at the end of May 2011 (doc. 26). The district court judge approved the settlement, directed the Clerk to enter judgment dismissing the case with prejudice, and noted the parties' reservation of the determination of attorney fees and costs (doc. 27). Plaintiff subsequently filed this motion for attorney fees and costs.

*B. Discussion*

"The determination of a reasonable fee pursuant to section 216(b) of the [FLSA] is left to the sound discretion of the trial judge." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985). Plaintiff bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Auth. of City of Montgomery*, 836

---

*Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988). This case does not present circumstances warranting an evidentiary hearing.

2

F.2d 1292, 1303 (11th Cir. 1988). The court additionally may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Norman,* 836 F.2d at 1303.

The starting point in fashioning an award of attorney's fees is to determine the loadstar amount by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins*, 548 F.3d at 1350. These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n.2 (citation omitted).

"A properly calculated lodestar amount 'is itself strongly presumed to be reasonable.'" *Galdames v. N & D Inv. Corp.*, 432 Fed. Appx. 801, 806 (11th Cir. 2011), *petition for cert. filed* (Dec. 12, 2011) (No. 11-732); *see also Bivins*, 548 F.3d at 1350. "When the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts." *Bivins*, 548 F.3d at 1350-51 (citation omitted).

*1. Hourly Rate*

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community

3

for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1299 (citation omitted). "[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Id.* (citation omitted). Although "previous hourly rate awards are not given controlling weight, they do provide some insight." *Galdames*, 432 Fed. Appx. at 807 (citing *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000) (per curiam)).

Plaintiff's counsel, Richard Celler, asserts that "because of the collaborative manner in which cases are litigated" at his firm, the firm charges a blended rate of $300 per hour for attorney work. Additionally, Plaintiff's counsel's firm charges $95.00 per hour for paralegal work. (Doc. 30-2 at 2) In support of the proposed attorney hourly rate, Plaintiff points to a number of recent cases in this district applying hourly rates ranging from $250 to $300 per hour. In opposition, Defendants point out that judges in this district have routinely found $250 to be an appropriate hourly rate for Attorney Celler, $150 to be an appropriate hourly rate for Attorney Amritt, and $50 to be an appropriate hourly rate for experienced paralegal work in an FLSA case. Thus, Defendants argue, the Court should apply a $200 blended hourly rate for attorney time and a $50 hourly rate for paralegal time.

The Eleventh Circuit has stated: "No two lawyers possess the same skills, and no lawyer always performs at the same level of skill." *Norman*, 836 F.2d at 1300. Applying the first part of this reasoning, I find application of a blended rate unwarranted. As for the appropriate rate

4

for Mr. Celler's work, I note Mr. Celler graduated from law school in 1999. (Doc. 30-4 at 2) Additionally, Mr. Celler is the managing partner of Morgan and Morgan, P.A.'s National Wage and Hour Department and states he has a billing rate in excess of $300 per hour. Upon review of the record in this case and FLSA fee awards to Mr. Celler in other cases, as well as upon consideration of the legal market in this district, I conclude a $250 hourly rate should be applied for work performed by Mr. Celler in this single-plaintiff FLSA case. *See, e.g., Moon v. Technodent Nat'l, Inc.*, No. 5:06-cv-358-Orl-PCF-GRJ, 2009 WL 111678, at *6 (M.D. Fla. Jan. 15, 2009) (adopting magistrate judge's report and recommendation); *Swisher v. The Finishing Line, Inc.*, No. 6:07-cv-1542-Orl-28UAM, 2008 WL 4330318 (M.D. Fla. Sept. 22, 2008) (adopting magistrate judge's report and recommendation).

As for Ms. Amritt, she was admitted to the Florida Bar in 2003. The cases cited by Defendant in support of a $150 rate for Ms. Amritt date back between March 2007 and April 2010 and earlier. In October 2010, however, Judge Hodges, determined that $250 was a reasonable hourly rate for Ms. Amritt. *Martinez v. C.F. Johary D.M.D., P.A.*, No. 5:08-cv-148-Oc-10GRJ, 2010 WL 4056018, at *3 (M.D. Fla. Oct. 15, 2010). Nonetheless, in light of the absence of evidence in this case regarding the experience and abilities of Ms. Amritt, other than evidence showing she has less experience than Mr. Celler, I will apply a $200 hourly rate to work done by Ms. Amritt.

With respect to the $95.00 rate claimed for time expended by paralegals, Plaintiff has not provided any evidence as to the paralegal's experience and abilities. Plaintiff's counsel's affidavit states $95.00 is the rate his firm charges for paralegal work. However, Defendants cite other cases in which a Morgan & Morgan paralegal's reasonable hourly rate was determined to

5

be only $50.  *See, e.g.*, *Ellison v. Sydel Legrande, M.D., P.A.*, No. 8:08-cv-845-T-33TGW, 2009 WL 465034, at *3 (M.D. Fla. Feb. 24, 2009).  I conclude $50 is a reasonable hourly rate in this case given the types of work performed by the paralegal.

*2. Hours Reasonably Expended*

Fee applicants are required to exercise "billing judgment."  *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).  "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary."  *Id.*  "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350.  Due to the short duration of this case, I take the former approach and address each of Defendants' objections below, noting at the outset that Plaintiff has presented expert opinion that the time expended on this case was reasonable.

a. Defendants first argue the August 20, 2010, entry for .90 hours for "Receipt and Review of Initial File, examine documents and information for defenses[;] [a]ssigned case to KA, discuss with KA," was excessive and unnecessary in light of the absence of any pre-suit demand for payment.  A pre-suit demand is not a procedural requirement for a Plaintiff to bring an FLSA claim.  *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1237 n. 10 (M.D. Fla. 2010).  I therefore conclude Defendants' objection is without merit.

b.  Defendants next argue the September 7, 2010, entry of 1.70 hours spent by Plaintiff's counsel for "Review file, prepare Civil cover sheet, Summons-Prepared complaint, conference with RC re: computation of RR of pay; conference with client" is excessive.

6

Although Ms. Amritt presumably has filed many actions similar to this one, the 1.70 hours included a conference with her client and a conference with another attorney regarding Plaintiff's pay. I find the 1.70 hours to be reasonable.

  c. Defendants argue the December 15, 2010, entry for .60 hours, January 11, 2011, entry for .40 hours, and January 14, 2011, entry for .10 hours are not compensable because they relate to a change in Plaintiff's counsel. I agree. As this is not time for which a client would be billed, Defendants similarly should not be required to pay for it.

  d. Defendants contend a December 22, 2010, entry for .12 hours for "[t]elephone conversation with client confirmed his availability for depositions" is not compensable as it is a clerical/non-legal task. I agree this is not a task for which it would be reasonable to bill attorney time to a client; the time therefore should be excluded. *See Machado v. Da Vittorio, LLC*, No. 09-23069-CIV, 2010 WL 2949618, at *3 (S.D. Fla. July 26, 2010).

  e. Defendants argue a December 29, 2010, entry for .30 hours which includes discussions about the change is counsel are not compensable. The complained of entry states the time billed was for "Prepare[d] Notice of taking 30(b)(6) Deposition and forwarded to OC; asked MWA to prepare draft to change of counsel with Court." As it is unclear how much time was spent on each of these tasks, and as Plaintiff bears the burden of supporting the fee request, I would reduce this time by half.

  f. Defendants next object to the January 18, 2011, entry for .05 hours, February 3, 2011, entries for a total of .30 hours, and February 7, 2011, entry for .10 hours because they relate to deposition rescheduling by Plaintiff's counsel. As the records submitted by Plaintiff do not indicate why there was a need for such rescheduling, I agree this time is not compensable.

g. Defendants object to the February 14, 2011, entry for .6 hours for emails regarding responsive documents, arguing Defendants' counsel had previously emailed Plaintiff's counsel on two separate dates offering to produce the documents. Evidently, an issue remained in Plaintiff's counsel's mind regarding the documents. I therefore conclude this time was reasonable.

h. Defendants object to the February 14, 2011, entry for 2.7 hours for "[r]eview of file in preparation for client deposition, received and reviewed Defendant's voluminous document production in preparation for deposition of Plaintiff; outline topics to discuss with Plaintiff prior to depo." Defendants contend the time expended is excessive, particularly in light of the fact that the document production consisted of less than 150 pages. I find the 2.7 hours claimed here to be reasonable.

i. Defendants object to the February 15, 2011, entry for .30 hours for "[e]mail back and forth regarding OC's objections to the filing of an Amended Complaint." Defendants contend they did not object to the filing of an amended complaint. I find no merit to Defendants' objection. Plaintiff was required, pursuant to Local Rule 3.01(g), to ascertain whether there was in fact any objection to Plaintiff's motion to amend the complaint.

j. Defendants object to the February 18, 2011, entry for 11.10 hours relating to Plaintiff's deposition on the grounds that counsel remained at the deposition from 9:45 a.m to 2:43 p.m. only and that Plaintiff's counsel's time entry is suspect because it states the deposition took place on February 18, 2011, when it actually took place on February 17, 2011. Defendants further argue counsel should not be permitted to include time for travel to and from the deposition.

The Court notes Plaintiff's counsel's time entry states that during the 11.10 hours counsel "[p]repared for, traveled to and attended Plaintiff's depo in Sarasota." I see no reason to discount counsel's travel time. *See George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1290-91 (M.D. Fla. 2000). Given that counsel had to travel from Davie, Florida, to Sarasota, Florida for the deposition, I conclude the claimed time is reasonable. Additionally, in the absence of double billing or a claim that the work was not in fact performed, I conclude counsel's error as to the date of the deposition should be treated as no more than a scrivener's error.

      k. Defendants object to the February 22, 2011, entry for .70 hours, the February 23, 2011, entry for .10 hours, and the March 1, 2011, entry for .60 hours relating to Plaintiff's amendment of the complaint to add the company's president as a defendant. Defendants argue Plaintiff's counsel should not be compensated for this time because they should have included the company president as a defendant in Plaintiff's original complaint. I disagree. The decision as to whether to include individual corporate officers as defendants in an action is strategic and may change as the case progresses. I see no reason to second-guess counsel on this issue.

      l. Defendants object to the February 22, 2011, entry for .25 hours for "Receipt and Review Correspondence from OC regarding Plaintiff's laptop" and the February 28, 2011, entry for .50 hours for email with opposing counsel regarding Plaintiff's laptop. Defendants assert this correspondence related to Plaintiff's destruction of potential evidence from his personal laptop computer, something defense counsel had asked Plaintiff's counsel to instruct their client not to do. I do not see this as a valid reason for striking the time claimed by Plaintiff's counsel.

      m. Defendants object to the March 4, 2011, entry for .50 hours as excessive.

That time entry states it was for receipt and review of Defendants' offer of judgment and conferring with counsel's paralegal regarding a letter to the client explaining the offer of judgment. I find this time to be reasonable.

n. Defendants object to the March 4, 2011, entry for 2.30 hours for receiving and reviewing Plaintiff's deposition transcript as excessive. This time is within the range of what is reasonable.

o. Defendants object to the March 14, 2011, entry for .42 hours for preparation and service of Plaintiff's amended initial disclosures. Defendants contend the entry is duplicative of the time claimed for preparing the initial disclosures on December 17, 2010, and they should not have to pay for time spent correcting counsel's error in the first attempt at Plaintiff's initial disclosures. Rule 26(e) requires a party to supplement its initial disclosures or discovery responses when the party learns the disclosures or responses are materially incomplete or incorrect. It is entirely reasonable for counsel to be compensated for complying with Rule 26.

p. Defendants object to the March 14 and 15, 2011, entries totaling 8.20 hours as excessive for preparing for the corporate representative's deposition. A review of the actual entries, however, shows the time was spent reviewing the file, finalizing a deposition outline, and marking and pulling exhibits for the deposition, as well as on reviewing/summarizing Plaintiff's deposition. I find this time reasonable.

q. Defendants object to the March 15, 2011, entry for .50 hours for emailing opposing counsel regarding settlement as excessive because the email was only three sentences in length. Absent further support from Plaintiff, I find the claimed time excessive and will reduce it to .20 hours.

r. Defendants object to the March 15, 2011, entry for .70 hours for "[c]onference with client re: settlement offer; [p]repared and sent Settlement Agreement to OC," arguing that once a settlement was reached Defendants' counsel stated he would prepare a draft settlement agreement for review and asked Plaintiff's counsel not to work on it in order to save fees and avoid duplication. I find merit to Defendants' objection and will reduce the time by half to ensure compensation for the time counsel spent conferring with Plaintiff.

s. Defendants object to the March 22, 2011, entry for .50 hours for revision of the fee ledger and forwarding the ledger to opposing counsel via email, arguing it is not an expense Defendants should have to bear. I agree this is firm organizational work for which a client would not be charged; Defendants therefore should not be required to pay for it.

t. Defendants object to the May 10, 2011, entry for .70 hours for receipt and review of the second motion to approve settlement received from opposing counsel as excessive. Defendants point out the motion is only five pages in length and is identical to the previous version with the exception of one paragraph. Given that the first motion was denied, I see no reason to second-guess Plaintiff's counsel on this point.

u. Defendants object to the May 12, 2011, entry for .20 hours for "Receipt and Review of docketing order denying 2nd Motion to Approve Settlement Agreement; email with OC regarding same" on the grounds that the order was not docketed until 8:47 p.m. and Defendants' counsel did not exchange any emails with Plaintiff's counsel on that day regarding the Court's order. I conclude this time is not compensable.

v. Defendants object to the May 17, 2011, entry for .30 hours for Plaintiff's counsel's preparation and filing of what Defendants view as an unnecessary status report. Given

11

the procedural posture of the case, i.e., the district court had just denied the parties' second motion to approve settlement, I find Defendants' argument without merit.

w. Defendants object to the June 8, 13, and 15, 2011, entries totaling 7.50 hours relating to Plaintiff's motion for fees and costs as excessive. Plaintiff may recover attorney fees incurred in seeking attorney fees in this action. *See Thompson v. Pharmacy Corp. of Am., Inc.*, 334 F.3d 1242, 1245 (11th Cir. 2003). However, given the facts that Plaintiff's counsel, Mr. Celler, is the managing partner of Morgan and Morgan, P.A.'s National Wage and Hour Department and therefore undoubtedly has filed many similar FLSA attorney fee motions, I conclude the time expended is not entirely reasonable and will reduce the time to 5.00 hours. Defendants' suggestion that only 1 hour would be reasonable is unsupported, particularly in light of Mr. Celler's discussions with his fee experts, preparation of his own affidavit in support of the motion, and itemization of legal issues he researched.

Based on the foregoing, the lodestar for Mr. Cellar's work is 49.7 hours multiplied by $250, or $12,425.00; for Ms. Amritt's work is 6.1 hours multiplied by $200, or $1,220.00; and for the paralegal's work is .70 hours[3] multiplied by $50, or $35.00. The total lodestar amount is $13,680.00.

Again, a "properly calculated lodestar amount 'is itself strongly presumed to be reasonable.'" *Galdames*, 432 Fed. Appx. at 806 (quotations and citation omitted). Defendants, however, argue the lodestar should be reduced because (1) this was a single plaintiff, single

---

[3] In a footnote towards the end of their filing, Defendants argue generally that no paralegal time should be compensated because the work "largely involved clerical and other non-legal tasks and otherwise was not reasonably expended on the litigation." The paralegal time for which I recommend compensation is more paralegal than clerical in nature.

count, routine FLSA claim; (2) counsel conducted negligible discovery; (3) there is no indication counsel was precluded from taking other cases due to working on Plaintiff's case; (4) the large number of law firms engaged in FLSA practice belies any argument that this type of case is undesirable; and (5) there were only three months between the time Plaintiff filed his complaint and the parties reached a settlement.[4] Defendants further contend fees should be reduced because Plaintiff's counsel's settlement demands were unreasonable and prolonged the litigation.

I conclude consideration of the first five factors argued by Defendants is already included in my determination of the hourly rates and the number of hours for which it is reasonable to compensate Plaintiff's counsel. As for Defendants' argument that the fee should be reduced due to Plaintiff's counsel's unreasonable settlement demands, I think that factor could, in the appropriate case, serve as grounds for a reduction of fees. In this case, however, it is evident from the Defendants' own filing that it was not until the date of settlement that Defendants offered an amount even approaching the wages and liquidated damages Plaintiff stated in his initial disclosures that he was owed. I cannot on this record conclude the lodestar should be reduced due to Plaintiff's counsel's settlement positions.

c. Costs

Defendants concede that costs in the amount of $350.00 for the September 14, 2010, filing fee but raise various challenges to the remaining costs sought by Plaintiff.

1. Copy and Printing Fees

Plaintiff's counsel seeks $614.75 in copy fees between March 8, 2011, and March 15,

---

[4] I note, however, that the parties failed at first to get the settlement approved. On their third attempt at obtaining settlement, almost three months after the parties reached an agreement, the district court approved the settlement.

2011, and $50.10 for "Black and White Printing" between March 4, 2011, and April 25, 2011. Defendants contend Plaintiff has failed to provide the requisite detail as to the purpose of the copies and printing and that the amounts sought are excessive.

Costs for copying are recoverable only if "necessarily obtained for use in the case." 28 U.S.C. § 1920. The party seeking recovery for photocopying costs must "present evidence 'regarding the documents copied including their use or intended use.'" *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009) (quoting *Cullens v. Georgia Dept. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)). The party may not "simply make unsubstantiated claims that copies of the documents were necessary." *Id.* (citation omitted).

The only evidence Plaintiff has presented relating to copy fees is counsel's affidavit stating the fees were "reasonably and necessarily incurred in litigation" of this case. That is insufficient. As for the requested printing fees, counsel similarly has failed to provide adequate information for the Court to assess the propriety of the request. I therefore conclude the copy and printing fees should not be reimbursed.

### 2. Deposition Transcript

Plaintiff seeks $1,128.75 for a deposition transcript. Such fee, again, is recoverable only if "necessarily obtained for use in the case." 28 U.S.C. § 1920. Defendants argue Plaintiff should not be able to recover this amount because, had Plaintiff's counsel not had to leave Plaintiff's deposition early, counsel may not have needed to order the transcript. Defendants further argue Plaintiff has not "demonstrated that the cost of the transcript was 'necessarily

obtained for use in the case.'" Given the nature of the deposition, i.e., that it was Plaintiff's deposition, I conclude it was necessarily obtained for use in the case.

### 3. IKON Office Solutions Fee

Plaintiff seeks recovery of $56.45 paid to IKON Office Solutions, Inc. for copies. Defendants contend the fee is not reasonable based on the quantity of documents that were copied, particularly in light of the fact that they twice offered to provide contact information for a local Sarasota copy service. As Plaintiff has failed to provide evidence as to the necessity of this charge, I conclude it should not be recovered by Plaintiff.

### 4. Process Server

Plaintiffs seek $94.00 for a November 9, 2010, process server charge and $35.00 for a December 8, 2010, process server charge. Defendants object to the charges on the grounds that only one Defendant, Silverberg Jewelry Company, was served process. The return of service filed in this case states service was executed on Silverberg Jewelry Company on September 24, 2010. As Plaintiff has provided no explanation as to why there are two separate process server charges in this case, I conclude only the first process server charge of $94.00 is recoverable.[5]

Based on the foregoing it is hereby

RECOMMENDED:

1. Plaintiff's motion for award of attorneys' fees and costs be granted in part and denied in part.

---

[5] I note Defendants also state expert witness fees regarding fees are not recoverable. Those fees do not, however, appear to be included in Plaintiff's motion.

2. Plaintiff be awarded $13,680.00 in attorney and paralegal fees and $1,572.75 in costs.

IT IS SO REPORTED at Tampa, Florida on January 17, 2012.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: The Honorable Steven D. Merryday
    Counsel of Record